SMITH, Judge.
Appellant, the former husband, appeals an order rendered November 4, 1992 providing for his incarceration for contempt upon receipt by the lower court of a verified statement by appellee, the former wife, indicating appellant’s failure to pay child support and alimony. We reverse.
Two children were born to the marriage of the parties to this appeal. The marriage was dissolved by a final judgment which incorporated a stipulation between the parties providing, among other things, that appellant is to pay to the appellee $500 per month for each child and $1,800 per month in rehabilitative alimony. The record reflects that appellant has been frequently negligent in timely and completely fulfilling his child support and alimony obligation. On several occasions, appellee has moved for an order finding appellant in contempt for his failure to pay support. Appellant was eventually found in con *572 tempt on a third motion; however, in two prior orders, the lower court found that appellant did not have a present ability to pay the accumulated arrearage. On a fourth motion for contempt, the lower court found that appellant presently had, and had formerly possessed, the ability to pay the child support and alimony owing, but that appellant had chosen not to pay. Attempting to relieve appellee of the continual need to resort to contempt motions, the lower court ordered that in the future, on receipt of a “verified statement of nonpayment” by the appellee, the lower court would issue a “pick up” order for appellant. Upon issuance of such an order, appellant would serve a 30-day jail sentence unless and until he paid the arrearage. This “pick up” order was to remain in effect so long as rehabilitative alimony was owed.
On appeal, appellant argues that the “pick up” order fails to satisfy the dictates of Bowen v. Bowen, 471 So.2d 1274 (Fla.1985), and we agree. The supreme court reaffirmed in Bowen that civil contempt is a mechanism by which compliance with a court order is effected. Incarceration for civil contempt cannot be imposed “absent a finding by the trial court that the contem-nor has the present ability to purge himself of contempt. Without the present ability to pay from some available asset, the con-temnor holds no key to the jailhouse door.” 471 So.2d at 1277. Because appellant may be incarcerated upon receipt of a verified statement of nonpayment, the Bowen requirement of a contemporaneous finding that the contemnor' has the present ability to purge himself of the contempt is not met.
Accordingly, the “pick up” order is REVERSED.
BARFIELD and MICKLE, JJ., concur.